NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY ANTHONY FRANKLIN, | No. 17-15407 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-04755-YGR |
| v. | |
| GEORGE GIURBINO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

California state prisoner Jeffrey Anthony Franklin appeals pro se from the
district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate
indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.
§ 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010)

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(district court's dismissal under Fed. R. Civ. P. 12(b)(6)); *May v. Baldwin*, 109 F.3d 557, 560-61 (9th Cir. 1997) (district court's decision on qualified immunity). We affirm.

The district court properly dismissed Franklin's action because it would not have been clear to every reasonable official that relying on a nurse's judgment that there was no medical reason prohibiting Franklin's prison transfer was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity); *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (in order to be liable for deliberate indifference, "the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" (citation and internal quotation marks omitted)).

Franklin's contentions regarding the district court's failure to provide him with an opportunity to conduct discovery are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**